# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ajay Kumar, | No. CV-26-01753-PHX-DWL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

In their response to the OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 7 at 9.) Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent the Petition seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief be consistent with what courts in this district have generally ordered in similar cases, which is to require a bond hearing be held within ten (10) days." (*Id.*) Respondents also indirectly contend that *Echevarria* was wrongly decided. (*Id.* at 4-6.) Given this backdrop, the Court concludes (consistent with the OSC) that the Petition should be granted, at a minimum, for the reasons set forth in *Echevarria*. The Court will order the bond hearing be provided within seven (7) days, consistent with its Orders in other matters.

///

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the request for a bond redetermination hearing.  The petition is otherwise **denied**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 30th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -